UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTHONY SHREEVE, *et al.*, )
)
    Plaintiffs, )
) Civil Case No. 1:10-CV-71
v. )
) Chief Judge Curtis L. Collier
BARACK OBAMA, *et al.*, )
)
    Defendants. )

## **MEMORANDUM**

Before the Court is a motion for preliminary injunction filed by Plaintiff Anthony Shreeve and approximately 25,000 other individuals and entities (collectively, "Plaintiffs"), requesting this Court enjoin Defendants Barack Obama, Nancy Pelosi, Harry Reid, and the United States of America (collectively, "Defendants") from enforcing the Patient Protection and Affordable Care Act, Pub.L. No. 111-148, 124 Stat. 119 (Mar. 23, 2010), as amended by the Health Care and Education Reconciliation Act of 2010, Pub.L. No. 111-152, 124 Stat. 1029 (Mar. 30, 2010) (collectively the "ACA" or "Act") (Court File No. 2).[1] Defendants, however, have filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) (Court File No. 9).

---

[1]The ACA is a massive piece of legislation. Plaintiffs refer to the ACA as "Obamacare" in their original complaint and amended complaints (Court File Nos. 1 at ¶ 17; 3 at ¶ 18; 4 at ¶ 18). In addition, Plaintiffs' action is one of a number of law suits filed across the country challenging the constitutionality of the ACA. *See e.g., Florida ex rel. McCollum v. U.S. Dept. of Health and Human Serv.*, - - - F. Supp. 2d - - -, No. 3:10-CV-91 RV/EMT, 2010 WL 4010119, (N.D.Fla. Oct. 14, 2010); *Thomas More Law Center v. Obama*, No. 10-CV-11156, 2010 WL 3952805 (E.D.Mich. Oct. 7, 2010); *Baldwin v. Sebelius*, No. 10CV1033 DMS (WMC), 2010 WL 3418436 (S.D.Cal. Aug. 27, 2010); *Virginia ex rel. Cuccinelli v. Sebelius*, 702 F.Supp.2d 598 ( E.D.Va. 2010); *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C. 2010).

In response to Defendants' motion to dismiss, Plaintiffs have alternatively moved to amend their complaint pursuant to Fed. R. Civ. P. 15 for the purpose of establishing standing (Court File Nos. 12, 13). For the following reasons, the Court will **GRANT** Defendants' motion to dismiss (Court File No. 9), **DENY** Plaintiff's motion to amend the complaint, **DENY AS MOOT** Plaintiffs' motion for preliminary injunction (Court File No. 2), and **DIRECT** the Clerk of the Court to close the case. In doing so the Court expresses no opinion on the merits of Plaintiffs' or Defendants' arguments regarding the constitutionality of the ACA.

I.  **FACTUAL BACKGROUND**

The Patient Protection and Affordable Care Act ("ACA") is a federal law that purports to regulate interstate markets in the health care industry. On March 21, 2010, ACA passed in the United States House of Representatives. Defendant Pelosi, Speaker of the United States House of Representatives, presided over passage of the bill and also voted in its favor in her capacity as a Congressional Representative. On December 24, 2009, Defendant Reid, majority leader of the United States Senate, presided over passage of ACA by the United States Senate. He also voted in favor of its passage in his capacity as a United States Senator. Finally, on March 23, 2010, Defendant Obama signed into law ACA in his capacity as President of the United States.

Plaintiffs bring this action seeking declaratory, injunctive, and monetary relief on the grounds (1) Defendants abused the scope of authority granted through the Constitution of the United States; (2) the enactment of ACA exceeds the constitutional limitations of the Tenth Amendment; and (3) ACA represents a breach of Defendants' duties in their official capacities, pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 (Court File No. 4). The facts

are taken from Plaintiff's complaint and amended complaints (Court File Nos. 1, 3, 4) and are accepted as true for the purposes of reviewing Defendants' motion to dismiss.

## II.     Motion to Dismiss

### A.     Standard of Review

Under Fed. R. Civ. P. 12(b)(1), Defendants may challenge the Court's subject matter jurisdiction through a factual attack or a facial attack. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *Reguli v. Guffee*, 371 F. App'x 590, 595 (6th Cir. 2010). Where there is a factual attack, the Court may weigh conflicting evidence, including documents outside of the pleadings, to determine whether subject matter jurisdiction exists. *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009).

However, if a motion to dismiss challenges the sufficiency of the pleadings, as it does in this case, the Court should view it as a facial attack and review the motion similarly as it would a Rule 12(b)(6) motion. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Accordingly, Fed. R. Civ. P. 12(b)(6) "allow[s] a defendant to test whether, as a matter of law, [a] plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In addition, under Rule 12(b)(6), the Court must construe the complaint in light most favorable to Plaintiffs and determine whether Plaintiffs have pleaded "enough facts to state a claim to relief that is plausible on its face." *See Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010) (referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," bare assertions of legal conclusions are insufficient, and there must be

more than "threadbare recitals of a cause of action[]." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1939 -40 (2009)**.** Therefore, where there is a facial attack pursuant to Rule 12(b)(1), the complaint should fail unless it pleads sufficient facts to establish jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *see also Gentek Bldg. Prods., Inc.* 491 F. 3d at 330 (stating a court must take the allegation in the complaint to be true when reviewing a facial attack). In both cases, the party asserting federal jurisdiction has the burden of proof. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007); *Giesse v. Sec'y of the Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008). Because the Court finds Plaintiffs lack standing under Rule 12(b)(1), the Court declines to address some of the other grounds asserted in Defendants' motion to dismiss.

**B.     Discussion**

Defendants argue this case should be dismissed for lack of subject matter jurisdiction because Plaintiffs "have alleged no injury" in their complaint (Court File No. 10). Analyzing the complaint on its face, the Court agrees.

Here, Plaintiffs bring a challenge pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to Fed. R. Civ. P. 57 and 65 (Court File No. 4). The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction, ...., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Pursuant to section 2201(a) there must be a case of actual controversy. That requires the party seeking the declaration have standing.

In order to establish standing, Plaintiffs must (1) suffer an "injury in fact," which is actual

4

or imminent and concrete; (2) demonstrate causation, "which is a fairly traceable connection between the plaintiff[s'] injur[ies] and the complained-of conduct of the defendant[s]"; and (3) demonstrate redressability. *Friends of Tims' Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 966 (6th Cir. 2009); *see Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102-04 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In a case such as this one, "[P]laintiff[s] must demonstrate actual present harm or a significant possibility of future harm to justify . . . relief." *People Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998). Even if the injury is threatened, it must be "certainly impending" in order to be "sufficient." *Id.*; *see also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990); *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 929 (6th Cir. 2002); *White v. United States*, 601 F.3d 545, 553 (6th Cir. 2010). In addition, the Court should consider whether Plaintiffs and Defendants have "adverse legal interests, of sufficient immediacy and reality[,] to warrant the issuance of a declaratory judgment" to determine standing. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)); *see also Werner v. Primax Recoveries, Inc.*, 365 F. App'x. 664, 668 (6th Cir. 2010) (explaining "to have standing to seek an injury in federal court," Plaintiffs "must show a non-speculative threat").

Plaintiffs maintain in the second amended complaint they "have suffered direct and immediate violations of [] Constitutional rights" because (1) Defendants failed to act "within the scope of authority granted to [] Defendants . . . through the Constitution of the United States"; (2) Defendants "violate[d] the explicit limitations placed on the Defendants' by the [Tenth] Amendment [of the] Constitution"; and (3) Defendants breached "duties contained within their oaths of office to protect and defend the Constitution" (Court File No. 4 at 282-84). The Supreme Court of the United States (the "Supreme Court") has made clear "a plaintiff claiming only a generally available

5

grievance about government - claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large - does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74; *cf., Dwayne B. v. Granholm*, No. 06-13548, 2007 WL 1140920 (E.D. Mich. Apr. 17, 2007) (distinguishing the case from *Lujan* on the grounds the plaintiffs were "the object of the government action or inaction" challenged).

It is clear Plaintiffs have failed to "clearly and specifically set forth facts sufficient" to establish standing in their complaint. *See Rosen*, 288 F.3d at 927. Indeed, in none of the virtually identical complaints (Court File Nos. 1, 3, 4), not one plaintiff has shown "such a personal stake in the outcome of the controversy as to assure . . . concrete adverseness " by alleging a particularized injury stemming from the ACA. *Massachusetts v. E.P.A.*, 549 U.S. 497, 516 (2007) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). For example, Plaintiffs do not allege they will be "compelled by the federal government to purchase health care coverage"; nor have the individual Plaintiffs "claim[ed] they have [re]arranged their personal affairs [presently]" or changed their behaviors to account for a future economic harm. *See e.g., Thomas More Law Ctr., et. al., v. Barack Obama, et. al*, No. 10-CV-11156, 2010 WL 3952805, at *2-3 (E.D. Mich. Oct. 7, 2010). Therefore, the Court finds Plaintiffs' complaint fails to plead sufficient facts to establish jurisdiction (Court File No. 4).

Nevertheless, in their response to Defendant's motion to dismiss, Plaintiffs assert they are presently harmed by the ACA's tax on indoor tanning services, *see* Pub. L. No. 111-148, § 10907(b), which has already gone into effect (Court File No. 13). Specifically, they allege it "creat[es] unfair competitive advantages" for members of the tanning salon industry (*id.* at 3) because the provision specifically excludes phototherapy services performed by licensed medical professionals and

6

incidental tanning services provided by fitness centers. *See* Pub. L. No. 111-148, § 10907; IRS T.D. 9486. Defendants, however, urge the Court to not consider the tax on indoor tanning services when analyzing its facial attack on subject matter jurisdiction (Court File No. 14). Indeed, Plaintiffs failed to "mention this tax, or allege any injury resulting from it, in their [s]econd [a]mended [c]omplaint" (*id*. at 3). Therefore, the Court will not consider facts that could have been pleaded in Plaintiffs's original complaint and amended complaints for the purpose of Defendants' facial attack.

### III. Motion to Amend Complaint

Nonetheless, "the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss." *See Bishop v. Lucent Tech. Inc.*, 520 F.3d 516, 521 (6th Cir. 2008). Given the lack of standing, Plaintiffs have alternatively moved the Court for an opportunity to amend their second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) (Court File No. 12 at 7; 13 at 3-4). Rule 15(a)(2) states " a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In addition, "a request under Rule 15(a) is subject to the requirements of [Fed. R. Civ. P.] 7(b), which states [] a motion 'shall state with particularity the grounds for seeking the order.'" *Wagner v. Circle W. Mastiffs*, - - - F.Supp.2d - - -, Nos. 2:08-CV-00431, 2:09-CV-00172, 2010 WL 3168127, at *14 (S.D. Ohio Aug. 10, 2010); *see also Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). Here, although the Court declines to consider Plaintiffs' arguments regarding the tax on indoor tanning services for the purpose of analyzing Defendants' motion to dismiss, the Court will construe the argument as Plaintiffs' ground for moving the Court to amend their complaint.

7

Furthermore, the Court will find "[the] motion to amend [the] complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 752 (6th Cir. 1995); *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). In addition, this Court recognizes "a plaintiff must demonstrate standing for each form of relief sought" and for each claim presented. *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000). Because Plaintiffs are unable to do so, the Court concludes allowing Plaintiffs' proposed amendment would be futile.

### A.  Claims Against Defendants Reid, Pelosi, and Obama Would Be Dismissed

#### 1.  Speech and Debate Clause

Plaintiffs' claims against Defendants Reid and Pelosi would be futile because the Speech or Debate Clause, U.S. Const. art. I, § 6, cl.1, bars those claims. A jurisdictional bar pursuant to the Speech or Debate Clause is best considered under the standard applicable to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. *Taylor v. Duncan*, - - - F.Supp.2d - - -, No. 3:09-cv-318, 2010 WL 2572119, at * 5 (E.D. Tenn. June 21, 2010). Upon review of Plaintiffs claims, it is clear Plaintiffs cannot state a claim for which relief may be granted against Defendants Reid and Pelosi.

The Speech or Debate Clause states "for any Speech or Debate in either House, [members of Congress] shall not be questioned in any other Place." U.S. Const. art. I, § 6, cl. 1**.** It serves to prevent legislators from having to defend themselves for "represent[ing] the interests of their constituents." *Taylor,* 2010 WL 2572119, at * 5. In other words, if a member of Congress is acting within the "legitimate legislative sphere," the Speech or Debate Clause provides absolute immunity to legislators. *Id.*; *see Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502 (1975);

*Tenney v. Brandhove*, 341 U.S. 367, 376 (1951). In addition, the "privilege should be read broadly, to include not only 'words spoken in debate,' but anything 'generally done in a session of [Congress] by one of its members in relation to the business before it.'" *United States v. Johnson*, 383 U.S. 169, 179 (1966). Because Defendants Reid and Pelosi acted within their legislative capacity at all times, and are therefore immune under the Speech or Debate Clause, all claims against Defendants Reid and Pelosi would be dismissed.

### 2. Presidential Immunity

The Supreme Court "recognize[s] absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of [the President's] official responsibility." *Nixon v. Fitzgerald*, 457 U.S. 731, 756-57 (1982). Therefore, claims against Defendant Obama for monetary damages would be dismissed.

Furthermore, the Supreme Court has explained a "[d]istrict [c]ourt's grant of injunctive relief against the President himself is extraordinary, and should [] raise[] judicial eyebrows." *Franklin v. Mass.*, 505 U.S. 788, 802 (1992). Specifically, "the prospect of this Court issuing an injunction against the President [generates] serious separation of powers concerns." *See Newdow v. Bush*, 355 F. Supp. 2d 265, 280-82 (D.D.C. 2005) (declining to carve an exception to Presidential immunity "where [the President] is claimed to have violated the Constitution"). Indeed, this Court generally lacks "jurisdiction . . . to enjoin the President in performance his official duties." *Mississippi v. Johnson*, 71 U.S. 475, 500 (1866); *see also Franklin*, 505 U.S. at 803; *Swan v. Clinton*, 100 F.3d 973, (D.C. Cir. 1996). Of importance, the same principles of separation of powers often "foreclose a declaratory judgment against the President" as well. *Newdow*, 355 F. Supp. 2d at 281; *cf., Clinton v. City of New York*, 524 U.S. 417, 426 (1998) (granting declaratory relief that the President could

not exercise a line item veto, without addressing issues related to Presidential immunity or separation of powers, where the provision explicitly authorized adversely affected individuals to bring an action for declaratory and injunctive relief on the grounds the provision was unconstitutional). Although the President does not have "unfettered control," this Court would decline to restrain the President from carrying into effect an act of Congress, absent more compelling reasons, where "if the President refuse[d] [to obey], . . . the [C]ourt is without power to enforce its process." *See e.g., Johnson*, 71 U.S. at 499-501 (declining to coerce a discretionary act of the President); *American Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 675 (6th Cir. 2007); *Newdow*, 355 F. Supp. 2d at 281 (explaining if a court orders the President to perform a specific action, it could "create an unseemly appearance of constitutional tension and at worst risk a violation of the constitutional separation of powers").

**B. Remaining Claims Would Be Futile**

Even if Plaintiffs assert their remaining claims against the United States,[2] the Court would likely only have jurisdiction over a challenge to the provision regarding the tax on indoor tanning services. Although Plaintiffs challenge the ACA in its entirety, they do not allege an injury that is fairly traceable to the statute as a whole. The fact Plaintiffs may have "standing to challenge one of [the ACA's] provisions does not mean [Plaintiffs have] standing to challenge all of them" at this time. *Fednav, Ltd. v. Chester,* 547 F.3d 607, 614 (6th Cir. 2008); *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 351 (6th Cir. 2006). Here, the only ripe, concrete harm Plaintiffs assert regards the tax absorbed by customers of tanning salons.

However, "taxation is a congressional power specifically mentioned and described in the

---

[2]Defendants seem to acknowledge Plaintiffs may bring suit against the United States for declaratory and injunctive relief (Court File No. 10 at 10-12). However, Defendants argue the United States has not waived its sovereign immunity with respect to Plaintiffs' claim for monetary damages. The Court will not address this issue at this time.

10

Constitution." *Rodgers v. United States*, 138 F.2d 992, 995 (6th Cir. 1943). Even if Plaintiffs assert the tax on indoor tanning services is some how regulatory in nature, the Supreme Court has found "every tax is in some measure regulatory and . . . to some extent [] interposes an economic impediment to the activity taxed as compared with others not taxed." *See United States v. Robinson*, 107 F. Supp. 38, 40 (D.C. Mich. 1952) (referencing *Sonzinsky v. United States*, 300 U.S. 506, 512 (1937). Therefore, Plaintiffs likely do not have a successful claim on the merits.

Further, Plaintiffs only indicate some of the plaintiffs are owners of tanning salons or are tanning salon businesses (Court File No. 13 at 3); they do not specifically allege whether any of those Plaintiffs have suffered actual or imminent economic harm from the provision. More importantly, because of the number of named plaintiffs listed on the complaint, it would be impossible for the Court to ascertain which of the Plaintiffs have suffered the alleged injury. As a result, the Court will deny Plaintiffs' motion to amend their complaint.

## IV.     Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 445 (6th Cir. 2009). Pursuant to Fed. R. Civ. P. 65, in order to grant a preliminary injunction, a district court must consider: "(1) whether the plaintiff[s] [have] established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff[s]; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Babler v. Futhey*, - - - F.3d - - -, No. 09-4455, 2010 WL 3324708, at *4 (6th Cir. 2010 Aug. 25, 2010) (quoting *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007)). Generally, "these factors are not prerequisites that must be met, but are interrelated considerations that must be

balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). In this case, because Defendants' motion to dismiss will be granted, Plaintiffs motion for a preliminary injunction is **MOOT.**

IV. **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendants' motion to dismiss (Court File No. 9), **DENY** Plaintiff's motion to amend the complaint, **DENY AS MOOT** Plaintiffs' motion for preliminary injunction (Court File No. 2), and **DIRECT** the Clerk of the Court to close the case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**